UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61304-CIV-COHN/SELTZER

KELLY BARRINGTON, GABRIEL
MARTINEZ, and VERNELL ROBERTS,
on behalf of themselves and others
similarly situated,

    Plaintiffs,

vs.

MORTAGE IT, INC,
a foreign corporation,

    Defendant.
_____/

ORDER GRANTING PLAINTIFFS' MOTION TO QUASH SUBPOENAS

THIS CAUSE is before the Court on Plaintiffs' Motion to Quash Subpoenas to Non-Parties, or in the Alternative, Motion for Protective Order (DE 16), and the Court being sufficiently advised, it is hereby ORDERED that Plaintiffs' Motion is GRANTED for the reasons set forth below.

I.    BACKGROUND

This is an action for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs bring this action on behalf of themselves and other similarly-situated employees who worked for Defendant Mortgage IT, Inc. as Asset Analysts and Correspondence Liaisons[1] in its Sunrise, Florida facility. In addition to the 3 original Plaintiffs, at least 17 other individuals ("opt-ins Plaintiffs") have filed consent

---

[1] Defendant denies that it employed any Plaintiff as a Correspondence Liaison. Answer at 2 n.1 (DE 28).

forms to join in the action. Defendant has asserted various defenses, including that it properly classified Plaintiffs as exempt under one or more of the FLSA white collar exemptions, such as the "administrative, executive, highly compensated, profession, retail or service establishment, combination, and/or outside sales exemptions." Affirmative Defenses at ¶ 2 (DE 28).

On or about October 24, 2007, Defendant issued 25 subpoenas *duces tecum (*to obtain documents without depositions) directed to Plaintiffs' and opt-ins Plaintiffs' former employers, all of whom are in the financial services and/or mortgage industries. Each subpoena seeks production of the following documents:

> Any and all documents, files and records, reflecting or relating to the employment of [Plaintiff, SSN: xxx-xx-xxxx; DOB: dd/mm/yy), including but not limited to job application(s), personnel file, interview notes, performance evaluations, termination or resignation notices, payroll records, income tax forms, and any other personnel documents including, but not limited to those maintained by the Human Resources department.

See Subpoenas (DE 16-2). Plaintiffs have moved to quash these subpoenas under Federal Rule of Civil Procedure 45 or, in the alternative, they seek a protective order under Federal Rule of Civil Procedure 26 (DE 16).[2] Defendant has responded to the Motion (DE 35), and Plaintiffs have replied thereto (DE 40). The Motion is now ripe for decision.

---

[2] It appearing that the non-party employers were to produce the documents before Defendant's response to the instant Motion was due and before the Court would have had an opportunity to rule, this Court entered an Order (DE 17) requiring Defendant to notify the recipients of the subpoenas *duces tecum* that they should not produce any documents until further notice and that if Defendant had already received any documents pursuant to the subpoenas, it should not inspect them until such time as the Court has ruled on the instant Motion.

II.     DISCUSSION

Plaintiffs move to quash the subpoenas *duces tecum* directed to their former employers on the grounds that the documents sought by the subpoenas are not relevant and that the document request is overbroad.[3] In opposition, Defendant first argues that Plaintiffs lack standing to bring a motion to quash subpoenas directed to third-parties.

A.     Standing

Generally, an individual does not have standing to challenge a subpoena served on another, unless that individual has a personal right or privilege with respect to the subject matter of the subpoena.  See Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 22 (D.C. Cir. 2005) ("[A]bsent a privilege, personal interest, or proprietary interest, [a party] has no standing to seek to quash, under Federal Rule of Civil Procedure ("Rule") 45, a subpoena issued to a non-party."); Stewart v. Mitchell Transport, No. 01-2546-JWL, 2002 WL 1558210, *at 1 (D. Kan. July 8, 2002) (party does not have standing to quash subpoena served on another except where party has a personal right or privilege with respect to the subject matter requested in the subpoena); Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555  (N.D. Ga. 2001) ("[I]t appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'") (quoting Brown

---

[3] Plaintiffs also object on the ground that the subpoenas seek their confidential, personal information.  However, "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery.  Confidentiality concerns in many cases may be addressed with an appropriate protective order."  Dean v. Anderson, No. 01-2599-JAR, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002) (citations omitted).

3

v. Braddick, 595 F.2d 961, 967 (5th Cir.1979)); Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Colo. 1993) ("A motion to quash . . . a subpoena duces tecum may only be made by the [individual or entity] to whom the subpoena is directed except where the [individual] seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").

In considering whether a party had standing to move to quash a subpoena *duces tecum*, courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena. See, e.g., Chamberlain v. Farmington Sav. Bank, No. 3:06CV01437 (CFD), 2007 WL 2786421, at *1 (D. Conn. Sept. 5, 2007) ("The plaintiff clearly has a personal right with respect to information contained in his employment records."); Richards v. Convergys Corp., No. 2:05-CV-00790-DAK; 2:05-CV-00812 DAK, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007) (finding that a party had standing to challenge subpoenas seeking employment records from the party's current employer and a company that had made a job offer); Stewart, 2002 WL 1558210, at *2 ("The Court finds that [the defendant] clearly has a personal right with respect to the information contained in his personnel files, job applications, and performance evaluations. Thus . . . [the defendant] has standing to move to quash the subpoenas served on his employers and to assert objections to the document requests contained therein."); Beach v. City Olathe, Kansas, No. 99-2210-GTV, 2001 WL 1098032, at *1 (D. Kan. Sept. 17, 2001) (defendant "clearly has a 'personal right' in his personnel file and applications for employment that would give him standing to move to quash the subpoenas"); see also Thurgood Marshall,

230 F.3d at 24 (declining to consider standing for quashing subpoenas for employment records where party had alternatively moved for protective order; analyzing challenge to subpoenas under Rule 26 standards); Chamberlain, 2007 WL 2786421, at * 1 (In addition to having standing to move to quash a Rule 45 subpoena *duces tecum* seeking employment records from a former employer, defendant also had "standing to challenge the subpoenas on the basis of his having moved for a protective order pursuant to Rule 26."); Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (finding that party did not have standing to move to quash a subpoena, but holding that the party nonetheless had standing to challenge the relevancy of documents sought by subpoena, thus, deeming the motion to quash as a motion for protective order under Rule 26).

This Court agrees with the decisions holding that a party does have a personal right with respect to information contained in their employment records. Here, Defendant has sought all records pertaining to Plaintiffs' former employment. These records likely contain highly personal and confidential information, such as social security numbers, medical information protected from disclosure under various federal and state laws, payroll information, income tax information, and information about family members. Therefore, Plaintiffs' personal right to the employment records is sufficient to confer standing to move to quash the subpoenas *duces tecum*. Accordingly, the Court will now consider Plaintiffs' arguments advanced in support of their Motion to Quash – irrelevancy and overbreadth.

      B.      <u>Irrelevancy and Overbreadth</u>

Rule 45 does not list irrelevance or overbreadth as reasons for quashing a

subpoena. Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. See, e.g., Chamberlain, 2007 WL 2786421, at *1 ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."); Stewart, 2002 WL 1558210, at *3 (same); see also Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 2459 (2d ed. 1995) (Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34). The Court, therefore, must determine whether the subpoenas *duces tecum* at issue seek irrelevant information and/or are overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. See Wagner v. Viacost.com, No. 06-81113-Civ, 2007 WL 1879914 (S.D. Fla. June 29, 2007) (Ryskamp, J.) (applying relevance standard of Rule 26(b) to subpoena *duces tecum* seeking employment records from the plaintiff's current employer in deciding such records were not relevant in a FLSA case).

Rule 26(b)(1) provides in pertinent part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any parties claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence."[4]  Fed. R. Civ. P. 26(b)(1).  Judge Ryskamp of this District recently explained the burden of establishing relevancy:

> When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

Wagner, 2007 WL 1879914, at *1 (citing Scott v. Leavenworth Unified Sch. Dist. No. 453, 190 F.R.D. 583, 585 (D. Kan. 1999)); see also Moore v. Chertoff, No. 00-953 (RWR)(DAR), 2006 WL 1442447, at *2 (D.D.C. May 22, 2006) (same); Merrill v. Waffle House, 227 F.R.D. 467, 470-71 (N.D. Tex. 2005) (same).  "However, when relevancy is not apparent, the burden is on the party *seeking* discovery to show the relevancy of the discovery request."  Dean v. Anderson, No. 01-2599-JAR, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002) (emphasis in original).

Plaintiffs argue that any records that their former employers may have relating to Plaintiffs' prior employment have no relevance to the issues in this case – whether Plaintiffs worked more than 40 hours a week without receiving overtime compensation and whether Defendant properly classified Plaintiffs' positions as exempt.  Plaintiffs contend that "even a cursory review of the subpoenas indicates that they are not narrowly tailored to obtain relevant evidence."  Motion at 6 (DE 16).  Rather, the subpoenas seek, "without limitation,

---

[4] Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Ev. 401.

7

each and every record, including personal and financial information, that Plaintiffs' former employers have in their possession regarding the Plaintiffs." Motion at 5 (DE 16). According to Plaintiffs, "[g]iven the limited subject matter of this case, and the overly broad nature of the requests, the purpose of the . . . document requests appears to be . . . nothing more than a fishing expedition to harass Plaintiffs and to interfere with Plaintiffs' reputations in the financial services field, and to deter them and other potential plaintiffs from pursuing their claims in this case." Motion at 6 (DE 16).

The Court finds that the records of Plaintiffs' former employers do not appear relevant to the claims or defenses herein – whether Plaintiffs worked for Defendant more than 40 hours a week without receiving overtime compensation and whether Defendant properly classified Plaintiffs' positions as exempt from the FLSA overtime provisions. Accordingly, Defendant, as the party seeking discovery, must demonstrate the relevancy of the documents sought.

Defendant first argues that the records of Plaintiffs' former employers are relevant to its defense that Plaintiffs were exempt from the overtime provisions. "Whether an employee is exempt or non-exempt under the FLSA is determined by 'the duties actually performed by the employee.'" Corrigan v. United States, 68 Fed. Cl. 589, 595 (2005) (quoting 5 C.F.R. § 551.202(i)). Defendant, however, has failed to explain how the records of Plaintiffs' prior employers are relevant to a determination of the duties performed by Plaintiffs (while employed by Defendant) or to any other consideration of exempt status. Defendant merely states that "courts have repeatedly considered a plaintiff's employment history in determining FLSA exempt status under the administrative, professional and

executive exemptions – all of which have been asserted as defenses by MortageIT." Response at 6 (DE 35).

None of the cases cited by Defendant in support of this assertion[5] address the relevance or discoverability of a plaintiff's prior employment records; rather, each case was decided at the summary judgment, trial, or appellate stage and addressed whether plaintiffs were exempt from the overtime provisions of the FLSA. This Court has carefully reviewed these decisions and agrees with Plaintiffs that rather than "considering" the plaintiffs' employment history, the courts "just mentioned the employment history in passing." Reply at 3 (DE 35). A close reading of these cases reveals that in each instance the court based its determination of exempt status on its examination of the plaintiff's job duties with the defendant employer; the plaintiff's employment history was not necessary to the court's decision.[6]

---

[5] Smith v. Jackson, 954 F.2d 296, 298 (5th Cir. 1992); Corrigan v. United States, 68 Fed.Cl. 589, 595 (2005); Adams v. United States, 65 Fed. Cl. 195, 212 (2005); Havey v. Homebound Mortgage, Inc., No. 2:02-CV-313, 2005 WL 1719061, at *5-6 (D. Vt. July 21, 2005); Aulen v. Triumph Explosive, Inc., 58 F. Supp. 4 (D. Md. 1944)

[6] For example, in Havey, 2005 WL 1719061, the case on which Defendant primarily relies, the issue before the court in deciding partial summary judgment was whether the plaintiffs' work for the defendant employer included the exercise of discretion or independent judgment so as to meet the FLSA administrative employee exemption. The plaintiffs in that case argued that no discretion or independent judgment was involved and that the work was automatic and required only a high school education. The Havey Court stated:

> Although Plaintiffs emphasize their lack of higher education and irrelevant work experience, both were experienced with mortgage processing when they were hired by Homebound. Havey worked as a mortgage loan processor at National City Bank in Columbus, Ohio immediately prior to being hired by Homebound . . . . Anderson worked at Chittenden Bank in the mortgage department for nineteen years, including a couple

9

Even were the court able to find that Plaintiffs' prior employment history is marginally relevant to their exempt status, the subpoenas *duces tecum* at issue are overly broad on their face. They seek "any and all documents, files and records, reflecting or relating to the employment" of each Plaintiff and opt-in Plaintiff, "including but not limited to job application(s), personnel file, interview notes, performance evaluations, termination or resignation notices, payroll records, income tax forms, and any other personnel documents including, but not limited to those maintained by the Human Resources department." Subpoenas (DE 16-2). See Richards, 2007 WL 474012, at *4-5 (quashing overbroad subpoena *duces tecum* directed to the plaintiff's former employer that sought "all documents in your possession or control regarding the employment of" the plaintiff).

Defendant next contends that all Plaintiffs have brought lawsuits against at least one prior employer (arguing misclassification under the FLSA), including one collective action in which the three Plaintiffs here sued a mortgage company. Defendant, therefore, argues that Plaintiffs' employment records of former employers are relevant to assess Plaintiffs'

---

years as an underwriter.

Id. at *6. In rejecting the plaintiffs' arguments, the court noted their prior employment, but then proceeded to decide exempt status solely on the duties of the plaintiffs' positions while employed by the defendant.

Defendant also cites Smith, 954 F.2d 296, parenthetically stating that the court "review[ed] Plaintiff's employment history in deciding exempt status under the administrative and executive positions." Response at 6 n.3. But, in considering an appeal of a jury verdict finding that the plaintiffs were not exempt employees, the Fifth Circuit did not "review" the plaintiff's employment history at all; it reviewed only the duties of the plaintiffs while employed by the defendant. Indeed, the appellate court's only mention of "employment history" occurred in setting out the standard of review: "Although historical facts regarding the employment history, and inferences based on these facts are reviewed under the factual standard, the ultimate decision whether an employee is exempt is a question of law." Id. at 298.

credibility "in reference to their prior litigation." Response at 8 (DE 35). Plaintiffs acknowledge that credibility is an issue in every case, but they counter that Defendant should be required to demonstrate a good faith basis for Plaintiffs' lack of credibility before it is permitted to obtain the records, "[o]therwise there would be virtually no limits on discovery once a party invokes the mantra of 'credibility' as the basis for a discovery request." Reply at 5 (DE 40). The Court agrees, as have other courts. See, e.g., Chamberlain, 2007 WL 2786421, at *3; Premer v. Corestaff Servs, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005) (refusing to require production of employer's employment records from the plaintiff's prior employer pursuant to an overbroad subpoena where defendant had failed to provide any reason to suspect plaintiff's credibility). In Chamberlain, an employment discrimination case, the defendant issued notice of its intent to serve subpoenas *duces tecum* on the plaintiff's former employers; the subpoenas sought all employment records pertaining to the plaintiff, including his personnel file. The defendant argued, *inter alia*, that the information contained in the plaintiff's prior employment records was relevant to his credibility as a witness. In rejecting this argument, the court stated that "the defendant has not alleged any reason to believe that the plaintiff has misrepresented information during the course of this litigation with regard to his previous employment to substantiate such a broad search of his employment records on this ground." 2007 WL 2786421 at *3.

Finally, Defendant argues that Plaintiffs' employment records are relevant because "if Plaintiffs' prior employers, who are engaged in the financial services and mortgage industries, classified the same or similar positions held by Plaintiffs as exempt, any claim

11

of willful FLSA violations is critically undermined." Response at 8 (DE 35). In support of this argument, Defendant relies solely on Bennett v. SLT/TAG Inc., No. Civ. CV02-65-HU, 2003 WL 23531402, at *9 (D. Or. May 8, 2003).

The FLSA plaintiff in Bennett sought not only unpaid overtime wages, but also liquidated damages. In deciding whether liquidated damages were warranted, the court was required to determine whether the defendant employer's failure to pay overtime was in good faith and whether it had reasonable grounds for believing that it had not violated the FLSA. In making its decision as to the defendant's good faith, the court considered the testimony of the defendant's payroll manager; she stated that she understood the industry standard was to classify finance and insurance managers as exempt under the FLSA automobile or retail exemption. Bennett, therefore, does not stand for the proposition that other employers' classification of a position as exempt is relevant to show that a defendant employer properly classified a same or similar position as exempt, as Defendant appears to contend. Rather, the Bennett Court considered the testimony of the defendant's own employee as to the industry standard because it pertained to the reason that the defendant had made the exempt classification and whether that reason was sufficient to show that the defendant had acted in good faith and had reason to believe that it was not violating the FLSA. As Plaintiff here points out, "classification decisions are to be made on the actual job duties and responsibilities of the position at issue, and not on what jobs the person holding that position may have had in the past." Reply at 3 (DE 40).

Alternatively, if Defendant is attempting to argue that it acted in good faith (for liquidated damages purposes) when it classified Plaintiffs' positions as exempt because

Plaintiffs' (same or similar) prior positions with former employers had been classified as exempt, then Defendant has no need for Plaintiffs' prior employment records. In determining whether liquidated damages are warranted, the relevant consideration would be what Defendant knew or believed <u>at the time</u> it determined Plaintiffs' positions were exempt, not whether Plaintiffs' prior employers actually classified the same or similar position as exempt.

### III.   CONCLUSION

Based on the foregoing, the Court finds that Defendant has failed to meet its burden of establishing that the documents sought by the subpoenas *duces tecum* directed to Plaintiffs' former employers are relevant to any claim or defense herein. Moreover, the document requests of the subpoenas are overly broad on their face. Accordingly, Plaintiffs' Motion to Quash Subpoenas to Non-Parties, or in the Alternative, Motion for Protective Order (DE 16) is GRANTED and the subpoenas duces tecum directed to the former employers of Plaintiffs and opt-in Plaintiffs are QUASHED.[7]

DONE AND ORDERED in Fort Lauderdale, Florida, this 10th day of December 2007.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

---

[7] If Defendant has already received any documents pursuant to these subpoenas, it shall return them to the employer that produced them, without first inspecting or copying the documents.